No. 66,042

In the Matter of GERARD M. MCGHEE, *Respondent.*

(811 P.2d 884)

Opinion filed May 24, 1991.

*Bruce E. Miller,* disciplinary administrator, and *Paula B. Martin,* deputy disciplinary administrator, were on the formal complaint for the petitioner.

No appearance by respondent.

*Per Curiam:* This is an original proceeding in attorney discipline filed by the disciplinary administrator against Gerard M. McGhee of Kansas City, an attorney admitted to the practice of law in Kansas.

The complaint filed against respondent is in two counts, alleging violations of MRPC 1.1 (1990 Kan. Ct. R. Annot. 216), MRPC 1.3 (1990 Kan. Ct. R. Annot. 219), MRPC 1.4(a) (1990 Kan. Ct. R. Annot. 220), MPRC 8.4(c) (1990 Kan. Ct. R. Annot. 290) and Supreme Court Rule 207 (1990 Kan. Ct. R. Annot. 141). The first count alleges the respondent failed to provide competent legal representation to complainant; failed to act with reasonable diligence and promptness; failed to keep complainant reasonably informed as to the status of the legal matter for which respondent was employed; failed to promptly comply with complainant's request for information; and engaged in conduct involving dishonesty, fraud, deceit, and misrepresentation. The second count alleges respondent failed to cooperate with the disciplinary administrator's office and its investigator.

Though afforded proper notice, respondent did not appear at the hearing on the complaint. The hearing panel of the Board for Discipline of Attorneys found as to count one that respondent was employed in early November 1987 by Paula B. Martin to probate the estate of Edith Gimber. Respondent told complainant it would take him six to twelve months to complete the probate. Over the next five or six months, respondent advised complainant that the case was almost completed, and in April or May 1988

he told her she could disburse certain bonds to the heirs. Complainant made the disbursal as directed.

In August 1988 complainant directed respondent to forward the decedent's insurance policy to the insurance company pursuant to its request. In May 1989 complainant received a letter from the insurance company again requesting the policy. Complainant obtained the policy from respondent and personally sent it to the insurance company.

Complainant then made inquiry of the Wyandotte County District Court and learned that the probate proceeding had not been commenced and that no Kansas inheritance tax return had been filed, resulting in substantial penalty and interest.

The panel concluded the respondent's conduct in handling the estate violated MRPC 1.1, 1.3, 1.4(a) and 8.4(c).

As to count two, the hearing panel found respondent failed to respond to the complaint although three requests for a response were made by the disciplinary administrator's office. The panel found respondent had failed to cooperate with the disciplinary administrator's office in violation of Supreme Court Rule 207.

Respondent filed no exceptions and did not appear at oral argument.

The court, having considered the record herein, the report and the recommendation of the hearing panel, accepts and concurs in the findings, conclusions, and recommendations of the hearing panel.

IT IS THEREFORE ORDERED that Gerard M. McGhee be and he is hereby disciplined by indefinite suspension from the practice of law in the State of Kansas in accordance with Supreme Court Rule 203(a)(2) (1990 Kan. Ct. R. Annot. 137) for his violations of the Model Rules of Professional Conduct and the Rules of the Supreme Court.

IT IS FURTHER ORDERED that respondent shall comply with the provisions of Supreme Court Rule 218 (1990 Kan. Ct. R. Annot. 155), that he shall pay the costs of this proceeding, and that this order shall be published in the official Kansas Reports.